**Opinion issued August 14, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NOS. 01-12-01075-CR & 01-12-01076-CR

————————————

## MARCUS LEE JEFFERSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1321017 & 1359031**

## MEMORANDUM OPINION

A jury found appellant, Marcus Lee Jefferson, guilty of the offenses of the

misapplication of fiduciary property and engaging in organized criminal activity,

specifically theft. *See* Tex. Penal Code Ann. §§ 31.03(a), 32.45(b), 71.02(a)(1) (West 2011). The jury then sentenced Jefferson to 6 years in prison for the misapplication of fiduciary property. For engaging in organized criminal activity, the jury sentenced Jefferson to 10 years in prison, but recommended that the trial court suspend the sentence and place Jefferson on community supervision for 10 years, and it imposed a $5,000 fine. *See id.* §§ 12.32, 31.03(e)(7), 32.45(c)(7) (West 2011). Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See id.* at 744, 87 S. Ct. at 1400; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

In his pro se response to the *Anders* brief, Jefferson contends that (1) the trial court improperly denied his motions to suppress; and (2) the State committed prosecutorial misconduct.

After independently reviewing the entire record in this appeal, we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (holding that reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (holding that reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Angela Cameron must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish. *See* TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).